# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-04499-ODW (SK) | Date | June 6, 2019 |
| Title | Jason Simpson v. Joseph L. Moss, Warden | | |

| | |
|---|---|
| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |

| Cheryl Wynn | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

On June 5, 2019, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2012 conviction for rape. (Pet., ECF 1). Petitioner claims ineffective assistance of appellate counsel, false testimony, juror misconduct, impartiality of the trial court judge, and cumulative error. (*Id.* at 6-8). However, on the face of the Petition, it "plainly appears" that Petitioner "is not entitled to relief in the district court" for at least three reasons. Rule 4 of Rules Governing Section 2254 Cases; *see also* L.R. 72-3.2 (Summary Dismissal of Habeas Corpus Petition).

First, the Petition is untimely by over two years.[1] On direct appeal, the California Supreme Court denied review in April 2015. (Cal. S. Ct. No. S224863). Because Petitioner did not file a petition for writ of certiorari to the U.S. Supreme Court, his conviction became final 90 days later in July 2015. (Pet. at 6). *See* 28 U.S.C. § 2101. From that date, Petitioner had one year–by no later than July 2016–in which to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). No statutory tolling appears available because Petitioner did not file his first state habeas petition until September 2018, after the statute of limitations had expired. (Cal. Ct. App. No. B292636). *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Nor did Petitioner's prior federal petition filed in June 2015 toll the limitations period. (C.D. Cal. No. 2:15-cv-04921). *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). Unless Petitioner can demonstrate that he is entitled to equitable tolling, the Petition is facially untimely.

Second, the Petition is procedurally defaulted. "Federal courts will not review a question of federal law decided by a state court if that court explicitly invokes a state procedural bar as the basis for its decision, and that procedural bar constitutes an independent and adequate ground." *Hurtado v. Kirkland*, 281 Fed. App'x 724, 725 (9th Cir. 2008). Here, Petitioner sought post-conviction relief for his claims in California Supreme Court. (Cal. S. Ct. No. S253009). But that petition was denied with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), on the ground that the petition was untimely. Untimeliness is an independent and

---

[1] The Court takes judicial notice of the public records of Petitioner's direct appeals, state habeas petitions, and prior federal habeas petition. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04499-ODW (SK) | Date | June 6, 2019 |
|---|---|---|---|
| Title | Jason Simpson v. Joseph L. Moss, Warden | | |

adequate ground that bars federal habeas relief. *See Walker v. Martin*, 562 U.S. 307, 321 (2011). The only way to overcome procedural default is by demonstrating "cause" and "prejudice," or by showing a "miscarriage of justice" based on actual innocence. *See Murray v. Carrier*, 477 U.S. 478, 485, 495 (1986). Nothing on the face of the Petition suggests that Petitioner can meet those exacting standards. Thus, the Petition is facially barred by procedural default.

Finally, the Petition is impermissibly second or successive. When a petition under § 2254 has been denied on the merits, any later petition attacking the same conviction is considered second or successive. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Petitioner's first federal petition in 2015 was denied by this Court on the merits in 2017 (C.D. Cal. No. 2:15-cv-04921), after which the Ninth Circuit denied a certificate of appealability in 2018. (9th Cir. No. 17-56594). Before filing a second or successive petition in federal district court, Petitioner must first obtain authorization from the appropriate U.S. Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner presents no evidence—and the Court has found none—that he has obtained this authorization from the Ninth Circuit. Thus, this Court cannot entertain the successive petition.

THEREFORE, Petitioner is **ORDERED TO SHOW CAUSE** on or before **July 8, 2019** why this action should not be dismissed as untimely, procedurally defaulted, and/or impermissibly second and successive. **If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Notice of Voluntary Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV-9. **If Petitioner does not file a notice of voluntary dismissal or timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute and/or obey court orders.** See Fed. R. Civ. P 41(b); L.R. 41-1.

Attachment: CV-09